IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PAUL MATTHEW MILLER #17010393,   :

    Plaintiff,   :

vs.   :   CIVIL ACTION 18-0059-KD-N

BALDWIN COUNTY CORRECTIONS   :
CENTER,[1]
       :

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a Baldwin County Sheriff's Correctional Center ("BCSCC") pretrial detainee proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), this action be dismissed with prejudice as frivolous. *Billingsley v. Abbett*, 2005 WL 1367192 (M.D. Ala. 2005) (unpublished) (dismissing with prejudice as frivolous a § 1983 action against the Tallapoosa County Jail).

**I. Complaint.** (Doc. 1).

Plaintiff filed his complaint on the Court's § 1983 complaint form and listed BCSCC as the only Defendant in Section III. (Doc. 1 at 7). The relief he seeks from this Defendant is to have it be accountable for what happened to him and to be "compensat[ed] for the

---

[1] The Baldwin County Sheriff's Corrections Center was formerly known as the county jail for Baldwin County, Alabama. *See* www.baldwincountyal.gov (last visited May 25, 2018).

stress, pain (both mental and physical), suffering, and injury caused by staff." (*Id.* at 9). He complains of a myriad of matters that began on October 9, 2017, ranging from minor inconveniences, e.g., missing his lunch tray, to having a taser gun used on him while at BCSCC. (*Id.* at 4, 5). He listed chronologically the complained of incidents (*Id.* at 3-6), which are set out below.

- He was coerced by CO Palmer through threats to disclose his medical information to non-medical personnel. (*Id* at 4)

- He was immediately placed in a restraint chair by CO Palmer when he arrived and remained there for eight hours without a bathroom break, causing him to urinate on himself and having to sit in that condition. (*Id.*).

- He was forced to sleep on the floor in Q-block after having been told there were no empty beds even though he saw one in the next cell. (*Id.*).

- He did not receive his lunch tray when he returned from court. (*Id.*).

- He was moved from Q-block to H-block. (*Id.* at 5).

- He refused to lockdown, which resulted in CO Klose shooting him with a taser gun when he was wet in a metal shower, and in him being wrestled to the ground, handcuffed, choked by CO Frye, and taken to RHU ("Restrictive Housing Unit"). (*Id.*).

- He was denied his medical shampoo. (*Id.*). He returned to medical for chest pains and was told they would have to take his medical stats to give him the shampoo. (*Id.*).

- He was dared by CO Mosley to fight once Mosley removed one of his handcuffs. (*Id.*).

2

- He was released from RHU on December 5, 2017 from the November 8, 2017 incident. (*Id.* at 6).

- He was returned to RHU on December 9, 2017 after a piece of metal was found in the cell by Officer Mosley. (*Id.*).

- He was unjustifiably found guilty of the December 9, 2017 incident and was released from RHU on January 8, 2018. (*Id.*).

- He brought to CO Watters' attention that he was served meat even though his religious diet requires that he not eat meat; he wrote a grievance due to a couple of occurrences; CO Watters had it corrected. (*Id.*).

- He was denied his "religious no beef/no pork tray for three meals" on January 25, 2018; whereas, the other inmates in U-block received this tray. (*Id.*). Lt. Wilson talked to him about the issue, but he was still served a vegetarian tray. (*Id.*).

He summarizes his allegations by stating that he has been "assaulted, denied food, targeted, and been treated unlawfully and inhumanely"; denied law library services and religious meals; and "feel[s] the injury that was inused[sic] by staff brutality but haven't seen medical due to being targeted by staff and my complaints being ignored or denied." (*Id. at* 3).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke*

3

*v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). Moreover, a court treats as true factual allegations, but conclusory assertions or a recitation of a cause of action's elements are not treated as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Discussion.**

In order to have a viable § 1983 action, the entity sued must be capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). An Alabama county jail, however, is not a proper defendant under 42 U.S.C. § 1983 because it does not have a

---

[2] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

4

legal existence separate from the sheriff's department. *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (the department of corrections and board of county commissioners did not have an existence separate from the county); ALA. CODE § 14-6-1 (providing that the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto"); *cf.*

The capacity of a party to be sued is determined "by the law of the state where the court is located[.]" FED.R.CIV.P. 17(b) (2007); *see Dean*, 951 F.2d at 1214. In Alabama, a sheriff's department lacks the capacity to be sued. *Id.*; *Frith v. Baldwin Cty. Sheriff's Office*, 2008 WL 2441046, at *3-4 (S.D. Ala. 2008) (unpublished); *Ex parte Haralson*, 853 So.2d 928, 931 (Ala. 2003); *King v. Colbert County*, 620 So.2d 623, 626 (Ala. 1993); *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). Because a county jail in Alabama is operated by the county sheriff's office, which lacks the capacity to be sued, the jail likewise lacks the capacity to be sued. *Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (finding that a jail is not an entity amenable to suit); *Curtis v. Baldwin Cty. Corrs. Ctr.*, 2009 WL 2596495, at *1 (S.D. Ala. 2009) (DuBose, J.) (unpublished) (same); *Russell v. Mobile Cty. Sheriff*, 2000 WL 1848470, at *2 (S.D. Ala. 2000) (unpublished) (same). Therefore, the Court determines that the BCSCC is not a suable entity for the purposes of a § 1983 action. Accordingly, Plaintiff's complaint lacks an arguable basis in law and is, therefore, frivolous. *Neitzke*, *supra*.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. *Billingsley*, *supra*. In the event that plaintiff can state a

plausible claim for a violation of his constitutional rights against a suable governmental official or entity, he may file an amended complaint within the time period for filing objections to the report and recommendation or he may file a separate action within two years from the date when the incident occurred. *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (holding the statute of limitation for a § 1983 action filed in Alabama is two years), *cert. denied*, 506 U.S. 917 (1992).

Even though this action is due to be dismissed, if Plaintiff elects to file an amended complaint, he needs to select one of his claims on which to proceed, and any claims that are closely related to it. That is, Rule 20(a)(2) of the Federal Rules of Civil Procedure limits defendants in an action to those persons who a plaintiff claims to have

> (A) any right to relief . . . *arising out of the same transaction, occurrence, or series of transactions or occurrences;* and
>
> (B) any *question of law or fact common to all defendants. . . .*

FED.R.CIV.P. 20(a)(2) (emphases added). For example, claims arising from food not meeting his religious dietary needs are not related to claims based on the incident where the taser gun was used because they arise out of different transactions or occurrences and must be brought in separate actions. And the former occurred on January 14 and 25, 2018 (Doc. 1 at 6), and the latter occurred on November 8, 2017. (*Id.* at 5). The Federal Rules of Civil Procedure allow "multiple claims against a single party . . . [but] [u]nrelated claims against different defendants belong in a different suit, not only to prevent the sort of morass [that a multiple claim and multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

6

without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see* FED.R.CIV.P. 18(a).

Furthermore, in order to state a § 1983 claim, Plaintiff must allege a violation of his constitutional or federal rights by a defendant's actions, orders, customs, or policies; that is, Plaintiff must causally connect a suable defendant to the violation. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983). Here, for example, Plaintiff's unadorned allegation of merely being moved from Q-block to H-block does not present a violation of a right arising under the Constitution or federal law. Nor is this allegation connected to a particular defendant.

Moreover, when pleading a claim, Plaintiff must allege a *plausible claim*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. A plausible claim requires that more than "an unadorned, the-defendant-unlawfully-harmed-me accusation[,]" "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or a "naked assertion[s] devoid of further factual enhancement." *Id.* The failure to allege a plausible claim will result in the complaint's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

7

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 23rd day of July 2018.

                                               s/ KATHERINE P. NELSON
                                               UNITED STATES MAGISTRATE JUDGE